## Union Paving Company v. Philadelphia.

*Saul, Ewing, Remick & Saul,* for plaintiff; *A. T. Ashton,* for defendant.

MARTIN, P. J., July 9, 1928.—Plaintiff entered into a contract with the City of Philadelphia to furnish and deliver all materials and do and perform all work and labor required in paving certain streets specified in the contract. It was stated in the agreement that it was the purpose of the contract to replace the track area in the streets enumerated after the Philadelphia Rapid Transit Company had replaced existing rails; and that the Philadelphia Rapid Transit Company would remove the blocks and pile them on the sidewalk and do the sub-grading to the bottom of the ties.

It was agreed in the case stated that on one of the streets included in the contract no work with regard to the track or street had been done by the Philadelphia Rapid Transit Company, and that on another street the Philadelphia Rapid Transit Company removed the existing tracks and filled in the rails, but the old ties making up the street surface were not removed, nor was the sub-grading reconstructed to the bottom of the ties, and that the City of Philadelphia was, therefore, unable to permit plaintiff to proceed with the work.

If the work had been done which the City of Philadelphia was not able to permit the plaintiff to do, the contract would have required the City to have paid plaintiff $15,177.87. The reasonable market cost for doing the work would be $13,660.08. The profit the paving company would have made had the contract been performed is $1517.79.

It was argued on behalf of defendant that the contract was severable and dependent upon the work to be done by the Philadelphia Rapid Transit Com-

pany being performed; and that the liability of the City to pay was conditional upon the work by the Philadelphia Rapid Transit Company being done.

There was no reservation in the contract to relieve defendant from its terms in the event the transit company failed to perform the work which it was stated in the contract was to be done by that company. The plaintiff was ready to complete the contract, and by the failure of defendant to be in a position to enable plaintiff to proceed, a loss of profit was incurred in the amount stipulated in the case stated.

No legal reason is presented for relieving the defendant from liability.

And now, to wit, July 9, 1928, it is ordered that judgment be entered against the City of Philadelphia and in favor of the Union Paving Company in the sum of $1517.79, with interest from Sept. 29, 1921.